**NEWMAN BROS. TRUCKING COMPANY, Appellant,**

v.

**WELLS BROTHERS GRAIN CO., Inc., Appellee.**

**No. 17832.**

Court of Civil Appeals of Texas, Dallas.

May 11, 1972.

A. William Brackett, Rawlings, Sayers & Scurlock, Fort Worth, for appellant.

Roland Boyd, Boyd, Veigel & Gay, Inc., McKinney, for appellee.

GUITTARD, Justice.

This appeal from an order overruling a plea of privilege turns on whether there is any evidence to support the implied finding of the trial court that defendant Newman Bros. Trucking Company was guilty of negligence in Collin County within Vernon's Tex.Rev.Civ.Stat.Ann., art. 1995, subd. 9a (1964) in breaking the scales owned and operated by plaintiff Wells Brothers Grain Co., Inc. The only allegation of negligence which plaintiff claims to be supported by evidence at the venue hearing is that defendant's driver drove a tractor-trailer truck onto the scales with the load placed on the back end of the trailer so that most of the weight was over the rear wheels. We find no evidence of negligence.

The facts are undisputed. The scales in question, which were located near Plano in Collin County, were maintained primarily for weighing grain trucks, but were often used to weigh other trucks for a fee. Barbara Wells, who worked in plaintiff's business, testified that on June 20, 1969, sever-

al days before the accident in question, several of defendant's trucks loaded with heavy road-construction machinery stopped and one of defendant's employees asked if they could weigh the trucks on the scales. She told him they could, and the trucks were weighed without difficulty. Each truck was weighed in two stages. The tractor was first driven onto the scales and a reading was taken, and she motioned the truck to move forward so that the trailer could be weighed separately and another reading taken.

The accident in question occurred six days later, on June 26. No witness for plaintiff testified directly concerning the accident. William Wells testified for plaintiff that the scales were designed for weighing long trucks with trailers and were built in three sections, each of which had a rated capacity of 50,000 pounds, with a continuous concrete deck on the top. He testified that he was called to the scene after the accident and found that the middle section of the scales had collapsed. He said that the machinery on defendant's truck was loaded entirely on the three rear axles of the trailer with part of the load hanging over the rear end. He expressed the opinion that concentration of the load on the rear wheels was beyond the capacity of the center section of the scales and caused that section to collapse. He further testified that if he had seen the truck before the accident he would have taken precautions.

Defendant's driver testified that he was driving the same rig on June 26 as on June 20 and that the load was the same except that it was lighter on June 26 because one wheel weighing 3,000 pounds was off the machine. He testified concerning the same weighing procedure as that described by plaintiff's witness Barbara Wells. He pulled up to the scales and went in and told the man in charge that he wanted to weigh another heavy load. The man told him to bring it on. He pulled the tractor onto the scales and they weighed it, and the man then motioned him on. He pulled

the tractor across and started to weigh the trailer and felt the scales give. Then he pulled the truck entirely off the scales. He looked at the scales and found that the center section had dropped four or five inches but the concrete on top was not broken.

This evidence fails to show any breach of duty by defendant to plaintiff. Defendant's driver sought and obtained plaintiff's permission to use the scales. He told plaintiff's employee that he had a heavy load. Plaintiff's employee was in active control of the weighing operation. He directed the driver to do exactly what the driver did.

■ We recognize that the contributory negligence of plaintiff's employee is not an issue on this venue appeal. Our only question is defendant's negligence. Nevertheless, the action of plaintiff's employee is pertinent because the driver was justified in relying on his directions. Plaintiff owned the scales and presumably its employees knew their construction and their capacity. So far as this record shows, the position of the load on the trailer was as apparent to plaintiff's employee as to the driver. The only evidence indicating concentration of the load over the rear wheels is the testimony of William Wells, who said that if he had seen the truck before the accident he would have taken precautions. The driver had no reason to believe that the employee in charge of the scales would direct him to drive the truck onto the scales without taking whatever precautions were necessary. In the absence of evidence that the driver had information about the load not apparent to plaintiff's employee in charge of the scales, we hold that the driver had no duty to make an independent judgment of the danger to the scales from that particular load or to take precautions which plaintiff's employee did not require.

Moreover, there is no evidence that the driver had any reason to anticipate any damage to the scales because of the load in question. Plaintiff cites cases to the effect

**506**

that the particular manner of the injury need not be foreseen. However, there is no proof here that the driver had reason to foresee any injury at all. There is no evidence that the load, however unbalanced, was greater than the total capacity of the scales. Wells testified that the scales were built in sections and that each section had a weighing capacity of only 50,000 pounds, but there is no evidence that the driver or any other employee of defendant had this information. The scales were covered by a continuous concrete deck. So far as the record shows, none of defendant's employees had any reason to suspect that this load would exceed the capacity of the scales in any respect.

No evidentiary value can be given to Wells' conclusion that a person using ordinary care could have anticipated that the type of load in question would have done damage to the scales. The facts on which this conclusion was based are not given. The question does not appear to have been put from the point of view of a truck driver who had no knowledge of the construction of the scales and had been directed by a representative of the owner to proceed as he did. So far as appears, the question was answered from the point of view of the owner in permitting his scales to be used for weighing such a load. Though this opinion may have had a bearing on contributory negligence, it was no evidence of negligence on the part of the truck driver.

Plaintiff contends alternatively that the trial court's ruling can be sustained on the ground that the suit is for damage to land under Tex.Rev.Civ.Stat.Ann., art. 1995, subd. 14. Neither the petition nor the controverting plea alleges facts showing that the scales were so attached to the land as to make them part of the realty. Consequently, we hold that no question is raised under subd. 14.

The order of the district court overruling defendant's plea of privilege is reversed and judgment is rendered sustaining such plea.